24-3196-cv
*Alzokari v. Mullin*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

AUGUST TERM 2025

(ARGUED: SEPTEMBER 11, 2025 DECIDED: NOVEMBER 20, 2026)

Docket No. 24-3196-cv

ETAB SHARAF MOHAMED ALZOKARI, KAID NAGIP ZOKARI, AMAL ALZEWKERI REDHEWAN, FAYIZ NAGIP ZOKARI,
*Plaintiffs-Appellants*,

*- against -*

MARKWAYNE MULLIN, in His Official Capacity as Secretary for the U.S. Department of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; JOSEPH B. EDLOW, in His Official Capacity as Director of the U.S. Citizenship and Immigration Services; ROSEMARY LANGLEY MELVILLE, in Her Official Capacity as Director of the USCIS California Service Center; JOHN M. ALLEN, in His Official Capacity as Director of the USCIS Texas Service Center; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, LONG ISLAND FIELD OFFICE; ELIZABETH MILLER, in Her Official Capacity as Field Office Director of the USCIS Long Island Field Office; UNITED STATES DEPARTMENT OF STATE; NATIONAL ARCHIVES AND RECORDS ADMINISTRATION; NATIONAL PERSONNEL RECORDS CENTER,
*Defendants-Appellees*.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Substitution of Parties, the Clerk of Court is directed to amend the caption as reflected above.

Before:

WALKER, CARNEY, AND SULLIVAN, *Circuit Judges*.

This is an appeal from a November 26, 2024 final judgment of the United States District Court for the Eastern District of New York (Block, *J.*), dismissing on the pleadings all claims either for lack of subject matter jurisdiction or for failure to state a claim under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6), respectively. These claims arose from two brothers' efforts over time to challenge, on the basis that they were U.S. citizens, the government's authority to remove them to Yemen. The district court determined that it lacked subject matter jurisdiction over the brothers' claims under (1) Section 1503 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1503, because the INA forecloses the institution of an action to declare citizenship when citizenship is "in issue" in a removal proceeding; and also under (2) the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, due to the presence of an adequate alternative remedy and preclusion by the INA. The district court also dismissed the brothers' constitutional claims under the Fifth Amendment Due Process clause, the First Amendment right to petition the government, and the Constitution's separation of powers principles for failure to state a claim. The brothers appeal from each of these holdings.

AFFIRMED in part, VACATED in part, and REMANDED.

Judge Sullivan concurs in part and dissents in part in a separate opinion.

JULIE A. GOLDBERG, Goldberg & Associates, P.C., Melvindale, MI, *for Plaintiffs-Appellants*.

LAYALIZA SOLOVEICHIK (Varuni Nelson, *on the brief*), Assistant United States Attorneys, Of Counsel, *for* John J. Durham, United States Attorney for the Eastern District of New York, Brooklyn, NY, *for Defendants-Appellees*.

---

JOHN M. WALKER, JR., *Circuit Judge*:

This is an appeal from a November 26, 2024 final judgment of the United States District Court for the Eastern District of New York (Block, *J.*), dismissing on the pleadings all claims either for lack of subject matter jurisdiction or for failure to state a claim under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6), respectively. These claims arose from two brothers' efforts over time to challenge, on the basis that they are United States citizens, the government's authority to remove them to Yemen. The district court determined that it lacked subject matter jurisdiction over the brothers' claims under (1) Section 1503 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1503, because the INA forecloses the institution of an action to declare citizenship where citizenship is "in issue" in a removal proceeding; and also under (2) the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, due to the presence of an adequate alternative remedy and preclusion by the INA. The district court also dismissed the brothers' constitutional claims under the Fifth Amendment Due Process clause, the First Amendment right to petition the government, and the Constitution's separation of powers principles for failure to state a claim. The brothers appeal from each of these holdings.

For the reasons set forth below, we affirm the district court's dismissal of the Zokari brothers' claims, except for its dismissal of their APA claims. Accordingly, we affirm the judgment in part, vacate it in part, and remand the case for further proceedings.

Judge Sullivan concurs in part and dissents in part in a separate opinion.

## BACKGROUND

Kaid ("Kaid") and Fayiz ("Fayiz") Zokari are brothers who were born in Yemen and assert that they acquired United States citizenship through their now-deceased father, Nagip Zokari, who they allege had resided in the United States for more than ten years during the 1970s and 80s and was naturalized as a U.S. citizen on July 4, 1979, before either was born. We refer to Kaid and Fayiz, together, as the "brothers" or the "Zokari brothers."

### I. *Administrative History*

The Zokari brothers allege that, in 2011, each mistakenly filed an Application for Naturalization, also known as Form N-400, with U.S. Citizenship and Immigration Services ("USCIS"). They claim that, at the time of filing, they had "not realiz[ed] they had acquired citizenship at birth[.]" Plaintiffs-Appellants' Brief at 4.

Both N-400 applications were denied by USCIS. In response to the applications, however, USCIS noted that the brothers "may have acquired citizenship at the[ir] time[s] of birth" through their father, and requested from them documents, such as tax returns, W-2 forms, medical records, and bank statements, that would show that their father had resided in the United States for ten years prior to the brothers' births, potentially rendering them eligible for derivative U.S. citizenship. Supp. App'x at 31 ¶ 82. The brothers do not appear to have taken any steps to determine their citizenship, however, until

after they were each arrested by U.S. Immigration and Customs Enforcement ("ICE") in 2016.

In December 2016, ICE commenced removal proceedings against both brothers based on their convictions for conspiracy to commit food stamp fraud. In February 2017, the brothers each appeared before an immigration judge and subsequently moved to terminate their respective removal proceedings on the basis that they were U.S. citizens through their father. Subsequently, each filed with USCIS an Application for Certificate of Citizenship Form N-600 ("N-600 application") to obtain from the government a certificate of their U.S. citizenship.

In 2018, despite their pending N-600 applications, an immigration judge denied the brothers' motions to terminate removal proceedings against them, finding that the United States had not recognized them as citizens at that point. The Board of Immigration Appeals ("BIA") declined to consider the brothers' interlocutory appeals and returned their cases to the immigration court with no further action, while observing that each could challenge its ruling in an appeal from a final order of removal, if one were entered.

In 2019, after the brothers requested but did not receive from the government additional evidence of their father's past presence in the United States, USCIS denied the brothers' N-600 applications for certificates of citizenship, having deemed the applications "abandoned." Supp. App'x at 35–36 ¶¶ 113–19. USCIS subsequently denied the brothers' motions to reopen and reconsider the denials of their N-600 applications. In 2021, USCIS's Administrative Appeals Office dismissed Fayiz's appeal. (The record contains no evidence of any such appeal by Kaid.)

In 2020, after the denial of the brothers' N-600 applications and while removal proceedings against them were still pending, the brothers' respective wives, Plaintiffs-Appellants Etab Sharaf

Mohamed Alzokari (wife of Kaid) and Amal Alzewkeri Redhewan (wife of Fayiz), each filed a Petition for Alien Relative Form I-130 in pursuit of permanent resident cards ("green card") for their husbands. In 2022, both petitions were granted, permitting the brothers to apply for green cards while pursuing their citizenship claims.

In 2021, in response to the denials of their N-600 applications, the brothers again sought additional information about their father's presence in the United States by filing a Freedom of Information Act ("FOIA") request with the Department of State to secure their father's passport records. In January 2022, the government's response to the brothers' FOIA request included their father's passport applications and their naturalization applications. Armed with these documents, the brothers again moved to terminate their removal proceedings on the basis that they were United States citizens. An immigration judge denied these motions in November 2022.

The brothers finally achieved some success, however, when, in February 2024, an immigration judge granted their motions to terminate their removal proceedings on the basis that they had established a *prima facie* case for derivative U.S. citizenship.

Then, in February 2025, the Zokari brothers each received United States passports from the Department of State. They nonetheless pursued their applications for certificates of citizenship through the action filed in 2022 and now before us on appeal.

## *II. Procedural History*

The Zokari brothers and their wives (the four together, the "Zokaris") filed this action in 2022 and the amended complaint, which

is the operative filing, in 2023. The amended complaint includes the five claims rejected by the district court in the ruling appealed here.[1]

On March 27, 2024, the four Zokaris submitted a letter to the district court, informing it that the Zokari brothers' removal proceedings had been terminated because the brothers had established a *prima facie* case for derivative U.S. citizenship and thus were not removable under Section 237(a)(2)(A)(iii) of the INA. *See* 8 U.S.C. § 1227(a)(2)(A)(iii). In response to the Zokaris' letter, Defendants-Appellees (the "Government") argued that, notwithstanding the termination of removal proceedings, the applicable statutes required that the federal court action be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) or for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

The district court granted the Government's motion to dismiss in November 2024. The district court concluded that it was without subject matter jurisdiction to review the APA and INA claims and that the Zokari brothers' constitutional claims failed to state claims upon which relief could be granted. *See Alzokari v. Mayorkas*, 758 F. Supp.

---

[1] Although named as Plaintiffs in the amended complaint, Etab and Amal, wives of Kaid and Fayiz, respectively, each filed only an I-130 petition on behalf of their husbands, and those applications were apparently granted. *See* Supp. App'x at 38 ¶¶ 136–37. The claims asserted in the amended complaint, however, involve only USCIS's denial of the brothers' N-600 applications. Thus, it appears that Etab and Amal may not have standing to pursue the relief sought in the complaint, for they have failed to show that they have suffered any injury redressable by that relief. *See Knight v. City of New York*, 164 F.4th 173, 178 (2d Cir. 2026) (explaining that "a plaintiff must demonstrate standing for each claim that he presses and for each form of relief that he seeks" (emphasis and internal quotation marks omitted)). On remand, the district court should consider whether Etab and Amal each have a sufficient basis to remain as plaintiffs in the case.

3d 39, 46 (E.D.N.Y. 2024). The district court dismissed the complaint and entered judgment the same day.

This appeal followed.

## DISCUSSION

On appeal, the Zokaris argue that the district court erred in holding that: (1) it lacked subject matter jurisdiction over each of the brothers' INA claim because the INA did not provide jurisdiction over the claim; (2) it lacked subject matter jurisdiction over the brothers' APA claims because the claims were precluded by 8 U.S.C. § 1503(a) and because the brothers had access to alternative remedies under 8 U.S.C. § 1252(b); and (3) the brothers failed to state claims for constitutional violations under the Fifth Amendment, First Amendment, and separation of powers principles.

After considering these arguments, we find that the district court did not err in its rulings on the INA and constitutional claims. We conclude, however, that the district court was mistaken when it dismissed the Zokari brothers' APA claims in reliance on the theories that another remedy was adequate and available under 8 U.S.C. § 1252 and that Section 1503(a) of the INA precluded judicial review of the challenged agency action. We hold that no other remedy was both adequate and available to the Zokari brothers because their removal proceedings had been terminated in their favor and without a final order of removal. This disposition of their removal proceedings made the proposed alternative remedy of review under 8 U.S.C. § 1252(b) unavailable. We further hold that Section 1503(a) of the INA does not preclude APA review of the agency action. Accordingly, we vacate the district court's dismissal of the Zokari brothers' APA claims, remand the APA claims for further proceedings, and affirm the district court's dismissal of the brothers' remaining INA and constitutional claims.

## I. *INA Claim under 8 U.S.C. § 1503 and APA Claims under 5 U.S.C. §§ 706(2)(A) and (D)*

It is well settled that "where a district court grants a defendant's Rule 12(b)(1) motion to dismiss, an appellate court will review the district court's factual findings for clear error and its legal conclusions *de novo*." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) (internal quotation marks omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Id.*

### A. INA Claim

We agree with the district court that the Zokari brothers' claim under Section 1503(a) of the INA fails for lack of subject matter jurisdiction.

Section 1503(a) is entitled "Proceedings for declaration of United States nationality." It provides a cause of action to "any person who is within the United States [and] claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency . . . upon the ground that he is not a national of the United States." 8 U.S.C. § 1503(a). It further provides, however, that "no such action may be instituted" where "the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding . . . or (2) is in issue in any such removal proceeding." *Id.* § 1503(a)(1), (2).

Here, the removal proceedings against the Zokari brothers began in December 2016. They filed their N-600 applications in March 2017 and sought to terminate their removal proceedings that same

month on the ground that they were U.S. citizens. The brothers then filed their federal court complaint in January 2022 and their amended complaint in May 2023. Their removal proceedings were terminated eight months later, in February 2024. Accordingly, when the brothers "instituted" their federal court action under Section 1503(a) in January 2022 (or even in May 2023), the "status [of each of them] as a national" was "in issue in a[] . . . removal proceeding." *Id.* § 1503(a)(2). The action was therefore barred by Section 1503(a)(2).

That the removal proceedings were terminated before the government moved to dismiss the brothers' action in April 2024 or before the district court ruled on that motion in November 2024 is of no moment. The district court was not correct to say that "the citizenship of [the brothers] [was] 'in issue' in an ongoing removal proceeding" when it issued its decision in November 2024: the removal proceedings had ended in February 2024, as just mentioned. *Alzokari*, 758 F. Supp. 3d at 43. But, as we explain above, the statutory text refers to the point at which an action is "*instituted*"—that is, when the action is filed. 8 U.S.C. § 1503(a) (emphasis added). When the brothers "instituted" their federal court action here, their nationality status was "in issue" in a removal proceeding. 8 U.S.C. § 1503(a)(2). The cause of action created by Section 1503(a) was therefore not available to them.

Accordingly, we affirm the district court's dismissal of the Zokari brothers' INA claim for lack of subject matter jurisdiction.

**B. <u>APA Claims</u>**

In the district court, the Zokari brothers sought to challenge USCIS's denial of their N-600 applications through the APA, asserting that the denial was arbitrary and capricious and "without observance of procedure required by law," in violation of 5 U.S.C. § 706(2)(A) and (D). Supp. App'x at 46 ¶ 188 (quoting 5 U.S.C. § 706(2)(A), (D)). The district court concluded that it had no authority to review the

brothers' claims under the APA on the ground that 8 U.S.C. § 1252(b) provides an adequate alternative remedy for them to obtain review of USCIS's determination regarding their nationality. *See* 5 U.S.C. § 704 (explaining agency actions are reviewable under the APA only if there is no adequate alternative remedy). As an additional basis for dismissal, the district court held that Section 1503(a) of the INA expressly precludes review under the APA. *See id.* § 701(a) (explaining that the APA does not permit review where a statute precludes review). We disagree with the district court as to both of these grounds for dismissal.

1. *Whether Section 1252 Provides an Adequate Alternative Basis for Judicial Review of the Agency Action*

We may review agency actions under the APA only if "no other adequate remedy in a court" is available to a plaintiff. 5 U.S.C. § 704; *see also Sharkey v. Quarantillo*, 541 F.3d 75, 90 n.14 (2d Cir. 2008).

Here, the district court concluded that the brothers had adequate remedy available to them other than through the APA: in the district court's view, they could appeal USCIS's rejection of their citizenship defense in their removal proceedings under Section 1252(b), which permits the courts of appeals to review final orders of removal. *See Alzokari*, 758 F. Supp. 3d at 44; *see also Reyes Mata v. Lynch*, 576 U.S. 143, 147 (2015) ("The INA . . . gives the courts of appeals jurisdiction to review 'final order[s] of removal.'" (quoting 8 U.S.C. § 1252(a)(1))).

In this, the district court erred. The brothers could not have obtained review under Section 1252 because their removal proceedings had been terminated *in their favor*, so no final order of removal was ever entered for a court of appeals to review. *See* 8 U.S.C. § 1252(a)(1), (b). Section 1252, then, did not provide an adequate remedy for the brothers. Since no party has proposed any other adequate remedy, we must disagree with the district court that

this was a sufficient basis on which to dismiss the brothers' APA claims.

We therefore turn to the district court's other stated reason for dismissing the Zokari brothers' APA claims: that Section 1503(a) of the INA "preclude[s] judicial review" of the claims, triggering the bar erected by 5 U.S.C. § 701.

2. *Whether Section 1503(a) of the INA Precludes Judicial Review of the Agency Action*

Courts may not set aside agency actions on review under the APA where another "statute[] preclude[s] judicial review[.]" 5 U.S.C. § 701(a)(1); *see also Singh v. United States Citizenship & Immigr. Servs.*, 878 F.3d 441, 445 (2d Cir. 2017), *as amended* (Jan. 9, 2018).

When analyzing whether a statute precludes judicial review under the APA, we consider whether the statutory scheme provides an exclusive means of relief. *See, e.g.*, *Kapoor v. DeMarco*, 132 F.4th 595, 608 (2d Cir.), *cert. denied,* 146 S. Ct. 325 (2025). Statutory exceptions that potentially preclude review under the APA "are construed narrowly and apply only if there is clear and convincing evidence of legislative intention to preclude review." *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (internal quotation marks and citation omitted); *see, e.g., Singh*, 878 F.3d at 445 (finding that a statute precluded judicial review under the APA when the statute specified that "the sole and exclusive means for judicial review of an order of removal should be a petition for review filed with an appropriate court of appeals" (citation modified)). "[W]here substantial doubt about the congressional intent exists, the general presumption favoring judicial review of administrative action is controlling." *Johnson*, 461 F.3d at 172 (citation modified). "Whether and to what extent a particular statute precludes judicial review is determined not only from its express language, but also from the structure of the statutory scheme, its objectives, its legislative history, and the nature

of the administrative action involved." *Id.* at 171 (quoting *Block v. Cmty. Nutrition Inst.*, 467 U.S. 340, 345 (1984)).

Here, the district court ruled that it had no jurisdiction under the APA to review the brothers' claims because it read Section 1503(a) as precluding judicial review for APA purposes. Respectfully, we are not persuaded. To be sure, as we explain above, Section 1503(a) does not expressly provide an avenue for judicial review of agency action here because of the exception stated in Section 1503(a)(2). But the presence of this exception does not mean that Section 1503(a) should be understood for APA purposes as *precluding* judicial review of the agency action. To the contrary, we find no "clear and convincing evidence" that Section 1503(a) was intended to provide an exclusive remedy to those who have been denied a right of citizenship. *Johnson*, 461 F.3d at 171.

To begin, Section 1503(a) states that a person who is residing within the United States and who claims that a right of citizenship has been denied to him "*may* institute an action" for declaratory judgment of his citizenship. 8 U.S.C. § 1503(a) (emphasis added). "The word 'may' [in a statute] customarily connotes discretion." *Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 346 (2005). Though "this common-sense principle of statutory construction . . . can be defeated by indications of legislative intent to the contrary or by obvious inferences from the structure and purpose of the statute[,]" *Yoo v. United States*, 43 F.4th 64, 73 (2d Cir. 2022) (citation modified) (quoting *United States v. Rodgers*, 461 U.S. 677, 706 (1983)), we find that this is not the case for Section 1503(a) of the INA.

Within a statute, "[t]he use of the word 'may' – in contrast to words like 'shall' or 'must' – authorizes, rather than commands." *Id.* at 72. Congress was "well aware of the different configurations of language it could use in a given . . . provision[] to achieve different outcomes," *id.* at 76, and it chose to use the word "may" as a modifier

in the instant case. That choice appears intentional because Congress used "shall" in other places within Section 1503 of the INA. For example, in Section 1503(a), Congress grants persons denied a right of citizenship the ability to file an action but clarifies that action "shall be filed in a district court[.]" 8 U.S.C. § 1503(a). There, the use of "shall" provides a mandatory directive, as opposed to the prior use of "may" in Section 1503(a), which merely grants permission to a person to file an action to declare their citizenship after being denied a right of citizenship. Therefore, we find that the text and structure of Section 1503(a) indicate that Congress intended for the term "may" to authorize, not mandate, an action.

Our interpretation of Section 1503(a) is consistent with the Supreme Court's decision in *Rusk v. Cort*, 369 U.S. 367 (1962), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). There, the Supreme Court held that Section 1503(b) and (c) of the INA,[2] which permit judicial review of claims for wrongfully denied citizenship rights of persons located outside of the United States, do not expressly provide an exclusive remedy for applicants under that section. *See id.* at 379. The Court observed that the use of "may" in Section 1503(b) and (c) revealed "no intention to provide an exclusive remedy." *Id.* at 375; *see* 8 U.S.C. § 1503(b) (dictating a person "may make application"), § 1503(c) (dictating a person "may apply for admission"). Of particular relevance here, the Court declined to hold that "the broadly remedial provisions of the Administrative Procedure Act are unavailable to review administrative decisions under the [INA] in the absence of clear and convincing evidence that Congress so intended." *Cort*, 369 U.S. at 379–80. Section 1503(b) and (c), of course, are not at issue here. But the Supreme Court's reasoning

[2] Section 1503(b) and (c) were previously encoded in the 1952 INA as Section 360(b) and (c), which is the section that *Cort* reviewed. In both the 1952 and current incarnations of the statute, Congress used the permissive language of "may" to modify the verbs that followed.

supports our view that Section 1503(a) was not intended to provide an exclusive remedy for applicants within the United States who have been denied a right of citizenship on the ground that they are not U.S. citizens.

Moreover, as the Zokari brothers argue, the INA's administrative review scheme simply does not address the types of claims that they seek to assert under the APA. The Supreme Court has explained: "'When Congress has dealt in particularity with a claim and has intended a specified remedy'—including its exceptions—to be exclusive, that is the end of the matter; the APA does not undo that judgment." *Match-E-Be-Nash-She-Wish Band of Pottawami Indians v. Patchak*, 567 U.S. 209, 216 (2012) (quoting *Block v. North Dakota ex rel Bd. of Univ. and Sch. Lands*, 461 U.S. 273, 286 n.22 (1983)). But it has also instructed that, "when a statute is not addressed to the type of grievance which the plaintiff seeks to assert, then the statute cannot prevent an APA suit." *Id*. (internal quotation marks omitted).

The brothers' APA claims here falls into the latter category. As we explain above, when they filed their complaint, they could not assert their nationality claims under Section 1503(a) because it was barred by Section 1503(a)(2). We read Section 1503(a) as merely declining to create any cause of action for such claims, however, not as intending to bar *all* judicial review of the challenged agency action under any existing statute. Indeed, "[t]he language of [Section 1503(a)] shows no intention to provide an exclusive remedy, or any remedy," to individuals whose nationality status was "in issue in a[] removal proceeding." *Cort*, 369 U.S. at 375 (internal quotation marks omitted); 8 U.S.C. § 1503(a)(2). But "[n]either does the section indicate that such persons are to be denied existing remedies" under the law. *Cort*, 369 U.S. at 375 (internal quotation marks omitted). Thus, the INA "is not addressed to the type of grievance which the [Zokari brothers] seek to assert" under the APA, and it does not bar APA

review of the agency action challenged here. *Match-E-Be-Nash-She-Wish Band of Pottawami Indians*, 567 U.S. at 216 (internal quotation marks omitted).[3]

In sum, we conclude that Section 1503(a) was not intended to create an exclusive remedy and that it does not preclude the Zokari brothers' APA claims. Accordingly, we hold that the brothers were entitled to bring suit under the APA to challenge the agency action. The district court erred in ruling otherwise.[4]

---

[3] The Zokari brothers rely principally on *Axon Enterprises, Inc. v. Federal Trade Commission*, 598 U.S. 175 (2023), to support their argument that the INA was not intended to address their APA claims. Their reliance is misplaced. In *Axon*, the Court held that the SEC's and FTC's statutory review schemes do not displace a federal district court's jurisdiction to review constitutional challenges to the agencies' structure or existence. *Id.* at 180. That case involved constitutional claims under the district court's federal-question jurisdiction, 28 U.S.C. § 1331. *See id.* at 182. The brothers seek to assert claims under Section 702 of the APA, 5 U.S.C. § 702. Whether Congress intended to preclude APA review through the creation of a statutory administrative review scheme is a question that *Axon* does not address.

[4] The Government raises two additional arguments against APA review of the challenged agency action. We find neither persuasive. First, the Government contends that Section 1503(a) impliedly forbids relief under the APA. *See* 5 U.S.C. § 702 ("[N]othing [in § 702] . . . confers authority to grant relief if any other statute that grants consent to suit expressly or *impliedly forbids* the relief which is sought." (emphasis added)). But Section 1503(a) reveals "no intention to provide an exclusive remedy," as we explained above, and therefore it does not impliedly forbid plaintiffs from pursuing alternative remedies under the APA. *Cort*, 369 U.S. at 375. Second, the Government argues that reviewing the Zokari brothers' APA claims would be futile because the certified administrative record from the brothers' N-600 applications would omit their father's passport applications. We disagree: the brothers' APA claims do not depend on

* * *

While we affirm the district court's dismissal of the Zokari brothers' INA claim under Section 1503(a) for lack of subject matter jurisdiction, we find that the district court erred by dismissing the brothers' APA claims for lack of subject matter jurisdiction. We hold that where, as here, a plaintiff raises the issue of his U.S. nationality as a defense in removal proceedings against him, and the removal proceedings are terminated in his favor, 8 U.S.C. § 1252 does not provide an adequate alternative to APA review of an agency determination with respect to the plaintiff's nationality claim. We further hold that 8 U.S.C. § 1503(a) does not preclude an APA claim challenging the agency's determination in such circumstances because Section 1503(a) was not intended to provide an exclusive remedy. Therefore, we conclude that the district court has subject matter jurisdiction to review the Zokari brothers' APA claims.[5]

## *II. Constitutional Claims*

"We review de novo a district court's dismissal of a complaint under Rule 12(b)(6), accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor." *Steginsky v. Xcelera Inc.*, 741 F.3d 365, 368 (2d Cir. 2014). For the reasons set forth below, we agree with the district court's holding on each of the Zokari brothers' constitutional claims and accordingly affirm its judgment with respect to those claims.

---

these records. *See* Supp. App'x at 47 ¶¶ 193–95.

[5] The dissent asserts that the brothers' APA claims are barred for yet another reason: that Section 1503(a) itself "furnishes them with an alternate 'adequate remedy in a court.'" Dissent at 1 (quoting 5 U.S.C. § 704). But the Government did not develop that rationale in its briefing, and its core arguments run counter to that position. Accordingly, we treat the argument as unpreserved and do not address it further here.

### A. Fifth Amendment Due Process Claim

The Fifth Amendment Due Process Clause provides that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. Thus, "[t]he first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999). If a protected interest is implicated, a plaintiff must show that he was denied the opportunity to be heard "in a meaningful manner," *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007), and that the "alleged shortcomings have prejudiced the outcome of his case," *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008). Both citizens and noncitizens are entitled to due process. *See Burger*, 498 F.3d at 134.

The Zokari brothers first argue that, because Section 1503(a) of the INA does not allow for actions where the issue of nationality "arose . . . in connection with" removal proceedings, 8 U.S.C. § 1503(a)(1), a plaintiff in the brothers' position, whose removal proceedings were terminated in his favor, has no means of obtaining judicial review of his nationality claim and is therefore denied due process. While their brief is less than clear, the brothers appear to identify the determination of their citizenship status as their protected liberty interest. But we need not decide whether a citizenship determination is a protected liberty interest because we find that the brothers received due process: They availed themselves of the N-600 application process and, as explained above, may bring an APA claim challenging the denial of their application. That their applications were denied does not mean that the Zokari brothers' due process rights were violated, nor does the fact that they could not avail themselves of particular procedures set forth in Section 1503(a) of the INA.

The brothers next contend that they were denied due process because they were detained "based on the government's incorrect assertion that they are not United States citizens." Plaintiffs-Appellants' Brief at 13. But they do not explain what *process* was lacking that led to their detention. Indeed, their complaint makes clear that they were afforded a hearing before an immigration judge, who denied their request for release from detention on bond, and that there was a subsequent bond hearing. So, again, the brothers received all the process that they were due.

Accordingly, the district court's denial of the Zokari brothers' due process claim was not erroneous.

### B. First Amendment Right to Petition Claim

The First Amendment provides, in relevant part, that "Congress shall make no law . . . abridging . . . the right of the people . . . to petition the government for a redress of grievances." U.S. Const. amend. I. "A plaintiff's constitutional right of access to the courts is violated where government officials obstruct legitimate efforts to seek judicial redress." *Friedman v. Bloomberg L.P.*, 884 F.3d 83, 90 (2d Cir. 2017) (internal quotation marks and citation omitted).

As the district court correctly held, the Zokari brothers fail to plausibly allege a First Amendment violation. The brothers base their First Amendment challenge on "the structure of the . . . review mechanism in 8 U.S.C. § 1503(a)[.]" Plaintiffs-Appellants' Brief at 14. But "[t]he right to petition exists in the presence of an underlying cause of action and is not violated by a statute that . . . curtails a category of causes of action." *City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 397 (2d Cir. 2008); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) ("[O]ur cases rest on the recognition that the right [of access to the courts] is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court."). Thus, the Zokari brothers' inability to bring a claim under

Section 1503(a) does not state a claim for a violation of their right to petition under the First Amendment.

### C. Separation of Powers Claim

"The nondelegation doctrine bars Congress from transferring its legislative power to another branch of Government." *Gundy v. United States*, 588 U.S. 128, 132 (2019).

Here, the brothers argue that the separation of powers was violated by the jurisdictional bar contained in Section 1503(a)(1) and (2). Specifically, the brothers contend that the jurisdictional bar violates the nondelegation doctrine "[b]y stripping the judiciary of its role to police executive action and to determine cases and controversies," including, as relevant here, determinations of citizenship. Plaintiffs-Appellants' Brief at 16. But, while "[t]he nondelegation doctrine bars Congress from transferring its legislative power to another branch of Government[,]" *Gundy*, 588 U.S. at 132, it does not speak to the judiciary's power and thus has no application to this case.

The brothers identify no specific legislative function that is delegated by Congress to another branch of government in Section 1503(a) of the INA. Even if we were to read their brief as pointing to the exclusions discussed *supra* in Section 1503(a)(1) and (2) of the INA, the Supreme Court has held that "when Congress strips federal courts of jurisdiction, it exercises a valid legislative power." *Patchak v. Zinke*, 583 U.S. 244, 252–53 (2018). We find nothing constitutionally impermissible about Section 1503(a)'s exception to adjudication in cases where the issue of nationality arose "by reason of[] or in connection with" removal proceedings. 8 U.S.C. § 1503(a)(1). Accordingly, we agree with the district court's dismissal of the Zokari brothers' claim under the Constitution's separation of powers principles.

## CONCLUSION

To recap: We affirm the district court's dismissal of the Zokari brothers' INA claim under Section 1503(a) for lack of subject matter jurisdiction and of the brothers' constitutional claims for failure to state a claim. But we agree with the brothers that, first, no other adequate remedy is available to them to challenge USCIS's denial of their N-600 applications, and, second, INA Section 1503(a) does not preclude review of the agency action under the APA. We therefore hold that the district court has subject matter jurisdiction to consider the Zokari brothers' APA claims. Accordingly, we vacate the district court's judgment and remand to the district court for adjudication of the brothers' APA claims, but affirm the judgment of the district court in all other respects.

For the forgoing reasons, the judgment of the district court is AFFIRMED in part and VACATED in part and the case is REMANDED for further proceedings consistent with this opinion.